

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 9, 1967

Honorable Robert S. Calvert          Opinion No. M-88
Comptroller of Public
  Accounts                           Re:  Taxability for Inheritance
Capitol Station                           Tax purposes of succession
Austin, Texas 78711                       to real property by surviv-
                                          ing joint tenant under sub-
Dear Mr. Calvert:                         mitted facts.

        We quote the following excerpt from your letter request-
ing the opinion of this Office on the above captioned subject:

            ". . . [Mrs. X] died testate, a
        resident of Dallas County, on February
        6, 1966, and the proper reports have
        been submitted to this Department for
        an inheritance tax clearance.

            ". . . [ X ] and his wife, . . .
        [Mrs. X], entered into a joint tenancy
        agreement in 1959 with . . . [Miss Y]
        in connection with the ownership of a
        house and lot located in Dallas County,
        Texas, having a value of $19,500.00.
        . . . [ X ] predeceased his wife, . . .
        [Mrs. X], and . . . [Miss Y] is now the
        sole survivor of this Joint Tenancy
        Agreement.

            "Your Department has passed on a
        similar question in Opinion No. WW-262,
        and we wish to be advised whether or not
        this opinion is applicable in this case.

            "We are furnishing you herewith a
        copy of the Joint Tenancy Agreement
        entered in 1959 between the decedent,
        and her husband, and . . . [Miss Y] for
        your use in advising us in the premises."

The pertinent provisions of the Joint Tenancy Agreement are the following:

"* * * *

"NOW, THEREFORE, in consideration of the premises and the sum of One Dollar ($1.00) and other good and valuable considerations by each of the undersigned parties hereto to the other in hand paid, receipt whereof is hereby acknowledged by each party and the further consideration of the mutual benefits accruing to the undersigned, and parties hereto, it is agreed as follows:

"(1) The undersigned do hereby confirm and create a joint tenancy with right of survivorship in the undersigned, and not as tenants in common, in and to all that tract or parcel of land located in Dallas County, Texas, . . . acquired by them and which, in accordance with this agreement, is now held by them as joint tenants with right of survivorship and not as tenants in common, and the parties hereby agree that, upon the death of any party hereto before severance the entire interest of such deceased in said real property, shall vest absolutely in the surviving parties or party and not in the heirs or legal representatives of such deceased party. It is further agreed that this agreement shall be changed or terminated only by a written instrument signed by the parties hereto, or the survivors or survivor thereof, which is properly acknowledged and in a form proper for filing in the Deed Records of Dallas County, Texas; . . ."

As we pointed out at page 2 of Attorney General Opinion WW-262 (1957), a joint tenancy may be legally created in Texas if it is expressly created by contract. Chandler v. Kountz, 130 S.W.2d 327 (Tex.Civ.App. 1939, error ref.); Adams v. Jones, 258 S.W.2d 401 (Tex.Civ.App. 1953). The above quoted provisions of the Joint Tenancy Agreement were sufficient to create a joint tenancy with right of survivorship as between the three parties involved. Opinion No. WW-262 held that under the facts there

considered, the surviving joint tenants did not owe any inheritance tax upon the interest received at the death of a joint tenant. Those facts were that a third party, by deed, created a joint tenancy with right of survivorship in four named parties. In view of the fact that the joint tenants had not by agreement created the joint tenancy with right of survivorship, we held that there was no taxable succession to the property under the provisions of the then Article 7117, Volume 20, Vernon's Civil Statutes,[1] which imposed an inheritance tax upon property passing by "deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor . . . ."

This Office has held that where the joint tenancy with right of survivorship is created by an express agreement between the parties, at the death of a joint tenant the passing of his or her interest is subject to inheritance tax. In Attorney General Opinion No. C-12 (1963), it was held that one-half of the value of United States government bonds of the co-ownership type, purchased with community funds and payable to husband or wife, was subject to an inheritance tax upon the death of the husband. This opinion contains a rather lengthy analysis of the treatment for inheritance tax purposes of bonds of this type.

In this case, we are not confronted with the effect of the agreement submitted to us in so far as it purports to effectuate a partition of the community interest of the spouses, as was the case under consideration in Attorney General Opinion No. WW-1013 (1961). Under the express terms of the submitted agreement, the spouses' former interest in the land in question, as a joint tenant with right of survivorship, was specifically required upon the death of the last of the spouses, to pass to the now sole survivor of the joint tenancy. We do not think that there can be any valid distinction for inheritance tax purposes because the property under consideration is real property rather than personalty. You are therefore advised that upon the death of the decedent in this case, there was a taxable succession to her then one-half interest in the joint tenancy

---

1/ Presently carried as Article 14.01, Ch. 14, Title 122A, Tax.-Gen., V.C.S.

by virtue of the provision above quoted, which taxes transfers intended to take effect in possession or enjoyment at the death of the decedent.

S U M M A R Y

Where spouses and third party created by express contract a valid joint tenancy with right of survivorship and the spouses predeceased the third party joint tenant, under the provisions of Article 14.01, Ch. 14, Title 122A, Tax.-Gen., V.C.S., an inheritance tax accrued upon the passing of the surviving spouse's interest at the time of the death of said surviving spouse.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Marietta McGregor Payne
Assistant Attorney General
MMP/fb

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Ralph Rash
Arthur Sandlin
W. E. Allen
Pat Bailey

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.